IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

ALEXANDRIA DIVISION

| | |
|---|---|
| WORLDWIDE NETWORK SERVICES, LLC,) | |
| ) | |
| Plaintiffs and ) | |
| Counter-Defendant, ) | |
| ) | |
| and ) | |
| ) | |
| WORLDWIDE NETWORK SERVICES ) | |
| INTERNATIONAL, FZCO, ) CIVIL ACTION NO. 1:07-cv-00627 | |
| ) | |
| Plaintiffs ) | |
| v. ) | |
| ) | |
| DYNCORP INTERNATIONAL, LLC ) | |
| ) | |
| Defendant and ) | |
| Counter-Plaintiffs. ) | |

AMENDED MEMORANDUM ORDER

THIS MATTER is before the Court on Plaintiffs' Motion for
Attorneys' Fees.[1]  This case concerns violations of 42 U.S.C. §
1981, where Plaintiff Worldwide Network Services, LLC ("WWNS")
prevailed on the merits in a jury trial against Defendant
DynCorp International, LLC ("DynCorp").  On May 14, 2008, a jury
reached a verdict in favor of WWNS and against DynCorp in the
amount of $15,202,680.67 in compensatory and punitive damages.
The Court also found as a matter of law that DynCorp owed WWNS

---

[1]Although WWNS and WWNS FZCO jointly filed this Motion for
Attorneys' Fees, only WWNS is entitled to Attorneys' Fees
because WWNS was the only prevailing plaintiff under § 1981.

$2,553,105.86 on WWNS's contract claims and entered judgment in favor of WWNS and against DynCorp in that amount.

The issue before the Court is whether WWNS's request for attorneys' fees, as provided by 42 U.S.C. § 1988, is reasonable under the law. The Court grants in part and denies in part WWNS's motion because the Court finds that the twelve factors outlined by the United States Court of Appeals for the Fourth Circuit for determining the reasonableness of attorneys' fees and costs warrants a recovery of $1,822,743.03.

## I. Background

On October 5, 2006, WWNS and WWNS FZCO initiated an action against DynCorp alleging race discrimination, defamation, tortious interference with contract, tortious interference with prospective business advantage, two counts of civil conspiracy, breach of contract, and breach of the implied covenant of good faith and fair dealing. Following ten days of trial, on May 14, 2008, the jury returned a verdict in WWNS's favor, finding DynCorp liable for discrimination, tortious interference with employment contracts, breach of contract, and breach of the covenant of good faith and fair dealing. The jury awarded WWNS $15,202,680.67 in compensatory and punitive damages. The Court also found DynCorp liable to WWNS for $2,553,105.86 on WWNS's contract claims.

Shortly after the jury reached its decision, WWNS and WWNS FZCO timely filed a Motion for Attorneys' Fees pursuant to 42 U.S.C. § 1988, which permits the Court to award reasonable attorneys' fees and expert fees to the prevailing party in a Section 1981 action.  WWNS and WWNS FZCO contend that WWNS is entitled to $1,884,213.83 in attorneys' fees and costs as the prevailing party at trial.  (Pls.' Mem. Supp. Mot. for Att'ys Fees 3 (hereinafter Pls.' Mem.).)  Plaintiffs' motion and supporting documentation detail the time and labor for which WWNS requests attorneys' fees.  DynCorp opposes WWNS's award, claiming that: (1) WWNS included hours in its calculation of the lodestar figure that WWNS should not recover, (2) WWNS included hours and fees that are not described with reasonable particularity, and (3) WWNS's requested fee should be reduced based on its limited degree of success.  (Def.'s Opp. Pl.'s Mot. for Att'ys Fees 1(hereinafter Def.'s Opp.).)

## II. Discussion

### A. Standard of Review

Courts generally will not award attorneys' fees absent explicit statutory authority.  *Key Tronic Corp. v. United States*, 511 U.S. 809, 815 (1994).  Therefore, under the "American Rule," parties are responsible for bearing the costs of their own attorneys' fees.  *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 247 (1975).  Section 1988,

3

however, provides such statutory authorization, permitting the Court to grant reasonable attorneys' fees and expert fees to the prevailing party when the factfinder determines that the opposing party violated 42 U.S.C. § 1981.  42 U.S.C. § 1988(b)-(c) (2000).

42 U.S.C. § 1988 grants the Court the sole discretion to determine the attorneys' fees award based on the independent facts of the case.  42 U.S.C. § 1988(b)-(c) (2000); *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983).  The prevailing party moving for attorneys' fees must show through clear and convincing evidence that the amount requested is reasonable. *E.E.O.C. v. Nutri/Systems, Inc.*, 685 F. Supp. 568, 572 (E.D. Va. 1988); *see also Hensley*, 461 U.S. at 440-41 (Burger, J., concurring).

## B. Analysis

The Court partially grants WWNS and WWNS FZCO's Motion For Attorneys' Fees because the Court finds that WWNS is the prevailing party entitled to attorneys' fees under Section 1988. Further, WWNS and WWNS FZCO have sufficiently demonstrated that the amount of attorneys' fees requested is partially reasonable as analyzed under the twelve *Johnson* factors.

1. <u>Worldwide Network Services, LLC is a Prevailing
   Plaintiff.</u>

WWNS is the prevailing party because the jury entered
judgment in the form of compensatory and punitive damages in
WWNS's favor and against DynCorp.  Specifically, the jury
awarded WWNS and WWNS FZCO $15,202,680.67 after finding that
DynCorp unlawfully discriminated against WWNS in terminating its
contractual relationship with WWNS, tortiously interfered with
WWNS FZCO's employment contracts, breached the CivPol and WPPS
subcontracts, and breached the covenant of good faith and fair
dealing.  Furthermore, the Court awarded WWNS an additional
$2,553,105.86 on WWNS's breach of contract claims.

A court may award attorneys' fees to only those parties who
achieve at least some relief on the merits of the claim.  *Farrar
v. Hobby*, 506 U.S. 103, 111 (1992).  "A plaintiff 'prevails'
when actual relief on the merits of his claim materially alters
the legal relationship between the parties by modifying the
defendant's behavior in a way that directly benefits the
plaintiffs."  *Id.* at 111-12; *see also Tex. State Teachers Ass'n
v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 792 (1989) (holding
that "the plaintiffs must be able to point to a resolution of
the dispute which changes the legal relationship between itself
and the defendant").  The plaintiffs must secure an enforceable
judgment that benefits him at the time of relief.  *Farrar*, 506

U.S. at 111.  In other words, plaintiffs prevail when a court or jury enters judgment in the plaintiffs' favor, regardless of the amount of damages received.  *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dept. of Health & Human Res.*, 532 U.S. 598, 603 (2001); *Farrar v. Hobby*, 506 U.S. 103, 112-13 (1992) ("A judgment for damages in any amount, whether compensatory or nominal, modifies the defendant's behavior for the plaintiff's benefit.").

Here, a jury found DynCorp liable to WWNS for unlawful discrimination, tortious interference with employment contracts, breach of contract, and breach of the covenant of good faith and fair dealing.  As such, the jury entered a verdict in favor of WWNS and against DynCorp in the amount of $15,202,680.67.  Under *Buckhannon*, WWNS prevailed in the action.  532 U.S. at 603. Furthermore, WWNS prevailed on the merits of the case because the verdict and judgment modified the parties' relationship and changed DynCorp's behavior towards WWNS under *Farrar*.  *Farrar*, 506 U.S. at 111-12.  WWNS therefore constitutes the prevailing party in this case and is entitled to reasonable attorneys' fees as determined by the Court.

### 2. WWNS and WWNS FZCO's Request for Attorneys' Fees

The Court awards WWNS $1,822,743.03 in attorneys' fees, a sum less than the amount requested because WWNS requests fees for: (1) time that it concedes should not be included in its request, and (2) time that is improperly "lumped" such that the

6

·

Court can not determine what portion of the time was spent on recoverable activities. When calculating an award of attorneys' fees, a Court starts by determining a "lodestar" figure by "multiplying the number of reasonable hours expended times a reasonable rate." *Brodziak v. Runyan*, 145 F.3d 194, 196 (4th Cir. 1998) (quoting *Daly v. Hill*, 790 F.2d 1071, 1077 (4th Cir. 1986)). Then the Court evaluates the reasonableness of the hours and rates claimed. *Id.*

### i. WWNS's Lodestar Figure.

The Court finds that WWNS's "lodestar" figure includes hours spent solely on EDO and Intelsat matters that WWNS should not recover. In calculating an attorneys' fees award, the Court should initially "determine[] a 'lodestar' figure by multiplying the number of reasonable hours expended times a reasonable rate." *Id.*

In this case, WWNS requests $1,884,213.83 in attorneys' fees and litigation costs, for time spent on different aspects of the case including WWNS's claims against DynCorp, WWNS's claims against EDO, and the claims of Intervenor-Plaintiff Intelsat General Corporation. (Pls.' Mem. 5.) WWNS and WWNS FZCO submitted a detailed schedule of the tasks performed by counsel and the date and amount of time required for those tasks. (*See* Attachment A to Pls.' Mem.)

7

### a.WWNS's Lodestar Figure Should Not Include Time Spent Solely on EDO Matters.

Plaintiffs' Memorandum of law in Support of its Motion for Attorneys' Fees concedes that WWNS should not recover fees for time spent exclusively on its claims against EDO. (Pls.' Mem. 9). This is an appropriate exclusion because WWNS settled its claims with EDO before trial. Any hours spent exclusively on EDO matters are not "reasonable" under *Brodziak*. Thus, the Court will not award WWNS attorneys' fees for time spent exclusively on EDO matters.

### b. WWNS's Lodestar Figure Should Not Include Time Spent Solely on Intelsat Matters.

WWNS claims attorneys' fees for time spent exclusively on Intelsat Matters. (Pls.' Mem. Appendix A.) However, this time should be excluded from Plaintiffs' recovery as Intelsat resolved its claims against DynCorp by a Consent Order entered on February 12, 2008. Intelsat's claims were not adjudicated at trial, and WWNS did not prevail on the Intelsat claims. Hours spent exclusively on Intelsat are not "reasonable" under *Brodziak*. Therefore, the Court will not award WWNS attorneys' fees for time spent exclusively on Intelsat matters.

### c. WWNS's Lodestar Figure Properly Includes Time Spent Defending Defendant's Spoliation Claim and Working with an Expert Witness.

WWNS's lodestar figure properly includes time spent (1) defending WWNS against DynCorp's spoliation claim, and (2)

8

working with an expert witness.  First, DynCorp claims that WWNS may not recover for time spent defending DynCorp's spoliation claim because it would be "patently unfair." (Def.'s Opp. 6.) However, WWNS's counsel vigorously defended WWNS against DynCorp's claim; ultimately succeeding in (1) defending DynCorp's motion to dismiss on spoliation grounds, and (2) excluding evidence of the alleged spoliation from trial. DynCorp raised the spoliation claim, and it would be patently unfair to deny WWNS reasonable attorneys' fees when WWNS's counsel successfully countered DynCorp's motions.

Second, Defendant claims that WWNS may not recover for fees related to work with its damages expert witness because the Court excluded the expert's testimony from trial.  Although the Court excluded the testimony of WWNS's damages expert, M. Alexis Maniatis, the Court's ruling does not prevent WWNS from recovering fees related to the expert.  Mr. Maniatis analyzed WWNS's unpaid invoices and WWNS's lost profits.  (Pls.' Reply 6.)  WWNS introduced this information at trial.  (*Id.*)  Thus, WWNS used Mr. Maniatis's analysis in presenting its case to the jury and may properly request attorneys' fees related to Mr. Maniatis's analysis.

Upon a review of the relevant bills and time entries, the Court finds that WWNS should not recover for any time spent exclusively on EDO and Intelsat matters.  The Court therefore

9

reduces WWNS's lodestar figure by $21,244.00, which results in a lodestar figure of $1,862,969.83.

### ii. WWNS's Attorneys' Fees Request is Partially Reasonable.

The Court finds that WWNS's attorneys' fee request is partially reasonable.  After reaching the lodestar figure, the Court must evaluate the reasonableness of the hours and rates claimed by WWNS.  *Brodziak*, 145 F.3d at 196.  To evaluate the reasonableness of the number of hours and rate, the Court considers the twelve lodestar factors[2] first established by the Fifth Circuit in *Johnson* and later adopted by the Fourth Circuit in *Barber*.  *Barber v. Kimbrell's, Inc.*, 577 F.2d 216, 226 (4th Cir. 1978) (citing *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974)). The prevailing party should "submit evidence supporting the hours worked and rates claimed. Where the documentation of hours is inadequate, the district

---

[2] The twelve lodestar factors include: (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.  *Barber v. Kimbrell's, Inc.*, 577 F.2d 216, 226 (4th Cir. 1978) (citing *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974)).

10

court may reduce the award accordingly." *Hensley*, 461 U.S. at 433.  In this case, the parties do not challenge the reasonableness of the rate.  Rather, they only challenge the sufficiency of two of the *Johnson* factors concerning the reasonableness of the hours expended: (1) the time and labor required, and (2) the results obtained.

### a. The Time and Labor Required

The Court finds that the time and labor WWNS required to litigate this case was necessary for this type of claim. However, the Court reduces WWNS's request for an award of attorneys' fees for all entries that contain EDO and Intelsat work along with other matters by forty percent (40%) to account for "lumped" entries in Plaintiff's counsel's recording documentation.

WWNS's counsel has met its burden of showing that it expended a reasonable amount of time representing WWNS in its case against Defendant.  *See J.P. v. County Sch. Bd. of Hanover County*, No. 3:06cv028, 2007 U.S. Dist. LEXIS 18180, at *16 (E.D. Va. Mar. 15, 2007)(finding that plaintiffs met their burden by "supplying documentation which 'reflects reliable contemporaneous recordation of time spent on legal tasks that are described with reasonable particularity, sufficient to permit the court to weigh the hours claimed and exclude hours that were not 'reasonably expended.'") (quoting *Guidry v. Clare*,

442 F. Supp. 2d 282, 294 (E.D. Va. 2006)).   WWNS submitted
documentation identifying the number of hours spent on specific
tasks and generally described the tasks with sufficient detail.
Notably, Plaintiff's counsel did not request compensation for:
"(1) all time expended on D.C. litigation from July 2006 through
March 2007; (2) all time billed by Akin Gump attorneys not
familiar with the facts and legal theories in the case; (3) all
time spent exclusively on WWNS's claims against EDO; and (4) any
other excessive, redundant, or unnecessary time." (Pl.'s Mem.
9.)

        Despite WWNS's sufficient documentation, DynCorp claims
that many of Plaintiff's counsel's time entries are not
described with "reasonable particularity" and that WWNS's
counsel inappropriately lumped together EDO and Intelsat related
time with other WWNS matters.   (Def.'s Opp. 4-7.)

        First, Plaintiff's counsel's time entries are sufficient to
allow the Court to determine if WWNS's counsel expended a
reasonable amount of time defending WWNS.   DynCorp specifically
objects to many of the time entries of WWNS's counsel Michelle
Roberts. (Def.'s Opp. 4-5.)   These entries list time spent on
"trial preparation" and "trial."   (Def.'s Opp. 4-5; Def.'s
Exhibit H.)

        In this case, the entries Plaintiff's counsel provided are
sufficient to allow the Court to determine if WWNS's counsel

reasonably expended time on WWNS's behalf.  The Court has
experience with the amount of time reasonably required to
prepare for and complete a trial of this magnitude.
Additionally, the Court was present at trial and able to observe
and evaluate the fruits of Ms. Roberts' preparation.
Furthermore, the Court observed Ms. Roberts at trial and finds
that those hours spent on "trial" preparation were reasonably
expended on WWNS's behalf.  Ms. Roberts presentation
demonstrated her detailed mastery of the facts, documents, and
legal theory underlying her clients' claims.  Such mastery
understandably requires copious preparation, and in this case,
was time well spent.

Second, the Court reduces WWNS's fees requested for EDO and
Intelsat matters listed with other WWNS matters by forty percent
(40%) as a result of Plaintiff's counsel's lumping of time
entries.  DynCorp's assertion that WWNS's counsel's time
recordings are "lumped" holds weight under this factor.
"Inadequate documentation includes the practice of grouping, or
'lumping,' several tasks together under a single entry, without
specifying the amount of time spent on each particular task."
*Guidry*, 442 F. Supp. 2d at 294.  WWNS's counsel occasionally
lumps tasks together under one billing entry, making it
difficult for the Court to determine the exact tasks performed
during a specific amount of time.  A reduction of the award for

EDO and Intelsat related matters by forty percent (40%) therefore accounts for any tasks inappropriately lumped together. See Id. (finding that a court can reduce a fee award if counsel provided inadequate documentation by (1) a fixed percentage or amount reduction or (2) excluding those hours not adequately documented). Therefore, the Court reduces all time entries containing EDO and Intelsat related matters "lumped" with other WWNS matters by forty percent (40%), resulting in a reduction of $40,226.80 which results in a lodestar figure of $1,822,743.03.[3]

### b. The Results Obtained

The Court finds that WWNS achieved substantial success in this case and the lodestar figure should not be further reduced based on the degree of success obtained. "[T]he most critical factor [in determining an attorneys' fees award] is the degree of success obtained." Hensley, 461 U.S. at 436. "Where a plaintiffs has obtained excellent results, . . . the fee award should not be reduced simply because the plaintiffs failed to prevail on every contention raised in the lawsuit." Id. at 435.

DynCorp asserts that the Court should arbitrarily reduce WWNS's attorneys' fee award by thirty five percent (35%) based on its "limited degree of success." (Def.'s Opp. 7-9.) However,

---

[3] A listing of the time entries lumping EDO and Intelsat work together with DynCorp related work is attached to DynCorp's Memorandum in Opposition as Attachments D and E.

14

the jury entered judgment in favor of WWNS and WWNS FZCO and against DynCorp in the amount of $15,202,680.67, finding DynCorp guilty of discrimination, tortious interference with employment contracts, breach of contracts, and a breach of the covenant of good faith and fair dealing.   While WWNS did not succeed on every claim they brought, all of the claims involved "a common core of facts . . ., making it difficult to divide the hours expended on a claim-by-claim basis."   *Brodziak*, 145 F.3d at 197. Furthermore, the claims were "inextricably intertwined" such that the focus is on the "overall relief obtained by the plaintiff in relation to the hours reasonably expended in the litigation."   *Abshire v. Walls*, 830 F.2d 1277, 1283 (4th Cir. 1987) (quoting *Hensley*, 461 U.S. 424, 435 (1983)).   Thus, although WWNS did not succeed on every motion and claim presented, the ultimate verdict equals a successful result for WWNS.   Therefore, WWNS achieved substantial success in this case and the lodestar figure will not be further reduced based on the degree of success obtained.

### III. Conclusion

The Court grants in part and denies in part Plaintiffs' Motion for Attorneys' Fees because WWNS prevailed in its claim against DynCorp and sufficiently demonstrated that the hours and tasks claimed are partially reasonable.   Accordingly, the Court

15

awards Plaintiff Worldwide Network Services, LLC a total of $1,822,743.03 in attorneys' fees.

For the foregoing reasons, it is hereby

ORDERED that Plaintiffs Worldwide Network Services, LLC and Worldwide Network Services International, FZCO's Motion for Attorneys' Fees is GRANTED in part and DENIED in part.  It is further

ORDERED that Defendant DynCorp International, LLC pay Plaintiffs Worldwide Network Services, LLC attorneys' fees in the amount of $1,822,743.03.

The Clerk is directed to forward a copy of this Order to counsel of record.

ENTERED this **22** day of September, 2008.


                                              /s/
                                       Gerald Bruce Lee
                                       United States District Judge

Alexandria, Virginia
9/**22**/08


                           .


                          16